J. J. CRAFFORD v. LAFAYETTE LIFE INSURANCE COMPANY.

(Filed 22 January, 1930.)

**Appearance A a—Demurrer to complaint on ground that cause of action was not stated therein is general appearance waiving service of summons.**

Where an action is begun in a general County Court of one county and the defendant is served with summons in another county, and appears and demurs to the complaint on the ground that it failed to state a cause of action for an amount within the jurisdiction of the Superior Court, and thereafter makes a special appearance and moves to strike out the service because the action was within the jurisdiction of a justice of the peace, and that therefore the County Court could not issue summons outside the county: *Held*, by appearing and demurring to the complaint the defendant waived his right to object to the service, and the County Court acquired jurisdiction whether the action was within the jurisdiction of the Superior Court or the court of a justice of the peace.

APPEAL by defendant from *Cranmer, J.,* at September Term, 1929, of ALAMANCE. Affirmed.

From judgment affirming orders of the General County Court of Alamance County, overruling its demurrer to the complaint, and denying its motion that the service of the summons be stricken out, defendant appealed to the Supreme Court.

*Carroll & Carroll for plaintiff.*
*Varser, Lawrence, Proctor & McIntyre and Coulter, Cooper & Carr for defendant.*

PER CURIAM. This action was begun in the General County Court of Alamance County. Plaintiff is a resident of said county. Defendant is a corporation, organized under the laws of this State, with its principal office at Lumberton, in Robeson County. The summons in the action was served on defendant in Robeson County.

It is immaterial for the purposes of this appeal, whether the General County Court of Alamance County has jurisdiction of this action, because, as plaintiff contends, the action is within the jurisdiction of the Superior Court of said county, or whether said court has jurisdiction of the action, because, as defendant contends, the action is within the jurisdiction of a justice of the peace of said county. In either case, the court had jurisdiction of the action. N. C. Code 1927, sec. 1608(n). If the action is within the jurisdiction of the Superior Court of Alamance County, because the sum demanded in the complaint is $229.20, the General County Court acquired jurisdiction of the defendant by the

service of the summons in Robeson County. If the action is not within the jurisdiction of the Superior Court, but is within the jurisdiction of a justice of the peace of Alamance County, because upon the allegations of the complaint, plaintiff is entitled to demand judgment for only $70, the General County Court of Alamance County acquired jurisdiction of defendant, when it appeared and demurred to the complaint, on the ground that the facts stated therein are not sufficient to constitute a cause of action upon which plaintiff is entitled to recover the sum of $229.20. By its appearance in the action, for the purpose of filing a demurrer to the complaint, defendant waived the defective service of the summons, because made in Robeson County, if the action is not within the jurisdiction of the Superior Court of Alamance County. *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175. The subsequent special appearance of the defendant for the purpose of its motion that the service be stricken out, was too late. The General County Court of Alamance County had theretofore acquired jurisdiction of defendant when it appeared and filed its demurrer to the complaint.

On this record, the General County Court of Alamance County has jurisdiction of the defendant, whether the plaintiff upon the allegations of his complaint has stated a cause of action for $229.20, as contended by him, or whether he has stated a cause of action for only $70, as contended by defendant. The merits of these contentions are not presented by this appeal. We decide only that there is no error in the judgment of the Superior Court, affirming the orders of the General County Court of Alamance County. The judgment is

Affirmed.